1  PHILLIP A. TALBERT
   United States Attorney
2  TY DAVIS
   Special Assistant U.S. Attorney
3  4875 Ponderosa Dr.
   Lake Isabella, CA 93240
4  Telephone: (760) 379-5646
   Facsimile: (760) 376-3795
5
   Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 5:17-po-106-JLT |
| Plaintiff, | MEMORANDUM OF *DIVERSIONARY* PLEA AGREEMENT PURSUANT TO RULE 11(c)(1)(B) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE |
| v. | |
| BRANDON J. LABRADO, | |
| Defendant. | Hon. Jennifer L. Thurston |

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America, by and through Phillip A. Talbert, the United States Attorney for the Eastern District of California, and Special Assistant United States Attorney Ty Davis, has agreed with the defendant, Brandon J. Labrado, and Andrew Wong, Counsel for Defendant, as set forth below.

This Plea Agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting,

administrative, or regulatory authorities.

1. Charges

The defendant acknowledges that he has been charged in this case in three citations, as follows:

Citation No. FBBP003O: Cutting or otherwise damaging any timber, tree, or other forest product, except as authorized by a special-use authorization, timber sale contract, or federal law or regulation.

Citation No. FBBP003N: Operating a motor vehicle on National Forest System land not in accordance with that Ranger District's motor vehicle use map.

Citation No. FBBP003P: Damaging any natural feature or other property of the United States.

2. Agreements by the Defendant

(a) The defendant agrees that this Plea Agreement shall be filed with the Court and become a part of the record of the case.

(b) The defendant agrees to enter a plea of guilty to Citation No. FBBP003N, which charges him with Operating a motor vehicle on National Forest System land not in accordance with that Ranger District's motor vehicle use map.

(c) The defendant understands and agrees that he will not be allowed to withdraw his plea **absent a stipulation from the government permitting such withdrawal at the conclusion of the diversionary period.**

(d) The defendant knowingly and voluntarily waives his Constitutional, statutory and legal rights to appeal his plea, conviction, or sentence. This waiver of appeal includes, but is not limited to, an express waiver of the defendant's right to appeal his plea, conviction, or sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742 or otherwise. The defendant further agrees not to contest his plea, conviction, or sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. §§ 2255, except for non-waivable claims.

(e) The defendant further acknowledges that his plea of guilty is voluntary and that no force, threats, promises or representations have been made to anybody, nor agreement reached, other than those set forth expressly in this Plea Agreement, to induce the defendant to plead guilty.

(f) In between the date of the Change of Plea and the date of Sentencing, the Defendant agrees to perform two hundred (200) hours of community service, and continue to obey all laws. The term "obey all laws" as used herein means all federal, state and local laws. An offense that can be charged only as an infraction will not be considered a "violation of the law" within the meaning of this agreement.

(g) The defendant agrees to submit proof of compliance with the terms of this agreement to the Government for confirmation 3 weeks prior to the date of sentencing.

(h) The Defendant agrees that compliance with the above terms is to be determined at that sole discretion of the United States Attorney's Office for the Eastern District of California.

(i) The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this Agreement and any charges previously dismissed).

(j) Should the defendant not be a citizen of the United States, the defendant hereby acknowledges that adverse immigration consequences, including but not limited to removal from the United States, exclusion from admission into the United States, and/or denial of naturalization in the United States, may result from his plea.

3. Agreements by the Government
(a) If the defendant fully complies with the terms set forth above, the Government agrees to stipulate to the withdrawal of Defendant's guilty plea at the time of sentencing.

(b) If the defendant fully complies with the terms set forth above, the Government agrees to move for dismissal of Citation No. FBBP003N, following the withdrawal of Defendant's guilty plea, at the time of sentencing.

(c) The Government agrees to set this matter for a sentencing hearing twelve (12) months from the date of the change of plea, in order to permit the Defendant to perform counselling and community service conditions of this agreement.

(d) The Government agress to dismiss Citation No. FBBPP003P and Citation No. FBBP003O in the interest of justice.

4. Nature, Elements and Possible Defenses
The defendant has read the charges against him contained in the citation, and those charges have been fully explained to him

MEMORANDUM OF DIVERSIONARY PLEA AGREEMENT      4
U.S. v. Brandon J. Labrado

by his attorney. Further, the defendant fully understands the nature and elements of the crime in the information to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

5. Factual Basis

The defendant concedes that he will plead, and is pleading, guilty to the crime set forth in Citation No. FBBP003N, because he is, in fact, guilty of that offense. The defendant also agrees that the following are the true and correct facts of this case:

a) On or about March 7, 2017, Defendant was operating a motor vehicle in the Sequoia National Forest, in the State and Eastern District of California, and in the special maritime and territorial jurisdiction of the United States

b) The Defendant operated his motor vehicle on a road not designated for motor vehicle use pursuant to the Kern River Ranger District motor vehicle use map.

6. Potential Sentence

The following is the maximum potential sentence which the defendant faces:

Citation No. FBBP003N: Operating a motor vehicle on National Forest System land not in accordance with that Ranger District's motor vehicle use map.

(a) Imprisonment.

Maximum: Six (6) months.

(b) Fine.

Maximum: Five Thousand Dollars ($5,000).

(c) Both such fine and imprisonment.

(d) Penalty Assessment.

Mandatory: Ten dollars ($10.00).

7. Waiver of Rights

The defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a) If the defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial by a judge sitting without a jury.

(b) The judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.
(c) At a trial, the Government would be required to present its witnesses and other evidence against the defendant, and prove each element of the charge against the defendant beyond a reasonable doubt. The defendant would be able to confront those Government witnesses and his attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on his own behalf. If the witnesses for the defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. At trial, the defendant would also have the right to assistance of legal counsel. If he could not afford legal counsel, one would be appointed for him by the Court at no expense to him.
(d) At a trial, the defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from this refusal to testify.

The defendant understands that by pleading guilty he is waiving all of the rights set forth above, and acknowledges that his attorney has explained to him those rights and the consequences of his waiver of those rights.

8. Questions by Court

The defendant understands that if the Court questions him under oath, on the record and in the presence of counsel, about the offense to which he has pleaded guilty, his answers, if false, may later be used against him in a prosecution for perjury.

9. Entire Agreement

This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of any promises apart from those specifically set forth in this Plea Agreement. There have been no representations or promises from anyone as to whether the court will permit the defendant to withdraw his plea at the time of sentencing, or what sentence the Court will impose.

10. Court not a Party

(a) It is understood by the parties that the Sentencing Court is neither a party to nor bound by this agreement and the sentencing judge is free to impose the maximum penalties as set forth in paragraph 6. Further, in making its sentencing decision, the Court may take into consideration any and all facts and circumstances concerning the defendant's criminal activities, including activities which may not have been charged in the complaint.

MEMORANDUM OF DIVERSIONARY PLEA AGREEMENT    6
U.S. v. Brandon J. Labrado

PHILLIP A. TALBERT
United States Attorney

Dated: _____    By: _____
                             TY DAVIS
                             Special Assistant U.S. Attorney

Dated: _____    By: _____
                             Defendant

Dated: _____    By: _____
                             ANDREW WONG
                             Attorney for Defendant

MEMORANDUM OF DIVERSIONARY PLEA AGREEMENT     7
U.S. v. Brandon J. Labrado

consideration any and all facts and circumstances concerning the defendant's criminal activities, including activities which may not have been charged in the complaint.

PHILLIP A. TALBERT
United States Attorney


Dated: July 12, 2017  By: /s/ Ty Davis
TY DAVIS
Special Assistant U.S. Attorney


Dated: 07 July 2017  By: Brendan LaBrado
Defendant


Dated: 7/10/17  By: Andrew Wong
ANDREW WONG
Attorney for Defendant


ORDER

IT IS SO ORDERED.

Sentencing Hearing SET for 8/7/2018 at 09:00 a.m. at the United States Courthouse, 510 19th Street, Bakersfield, CA 93301, as to Violation FBBP003N.

Violations FBBP003O and FBBP003P are DISMISSED.


DATED: 7/12/17                    Jennifer L. Thurston
                                  JENNIFER L. THURSTON, U.S. MAGISTRATE JUDGE